The Judges observed on this occasion, that motions for setting aside awards and umpirages, had become very frequent and common of late ; almost every man who was dissatisfied with an award, seemed to endeavour to get rid of it by some means or other, if possible. It therefore became the duty of the court, not to lend-too easy an ear to complaints of this kind, or to set afloat decisions which had been made by judges of the parties’ own choosing. Every man, who went into a court of justice in the prosecution or defence of a right, must know, that his case there will be governed by the strict rules of law. But whenever he consents to withdraw it from such court, and submit to one of those domestic tribunals composed of private individuals, who were not law characters, he consents that his case shall be*no longer bound by the rigid rules of law and evidence, which prevail in a court of justice.
The individual referees, by his own nomination, become judges, jurors and chancellors in the case, and possess all the powers which come within the province, or compass of these respective functionaries ; and unless they violate the principles assigned to each, and every of these great branches of law and equity, their decisions ought to be supported and maintained. The great principle, therefore, laid down by Lord Hardwicke, 3 Atk. 529. and which is supported by all the other authorities above quoted, is the best general rule which can be adopted: “ That the only ground “ to impeach an award, is collusion, or great misbehaviour “ in the arbitrators ; for, otherwise, being made by judges of & the parties’ own choosing, it is binding and final on all the “ parties; and unless it was so, no person would ever con- “ sent to act as an arbitrator.” But as all men are liable to mistakes and errors, this general rule must be subject to those exceptions. If, therefore, any great or’ palpable error, or-gross mistake has been committed by arbitrators or an umpire, that may be a ground for opening such award or *373 umpirage. But the mistake must be plain and gross, to set •aside the award. Loft, 554. A mere mistake in point of law, or error in judgment on the part of an arbitrator, does not appear to be grounds for impeaching an award or umpL .rage. Lord Mansfeld says, that awards are not to be scanned with critical niceties, as they, are made by judges of the parties’ own choosing, and that much greater latitude and less strictness, are exercised now in construing awards than formerly; they are to be construed liberally and fa-vourably ; so that they may take their eifect, rather than be defeated. 1 Burr. 277. Now to apply the foregoing case with these principles. The reasons assigned for setting aside this umpirage, are that the umpire had admitted 118 dollars to have been paid by the plaintiff to the defendant, upon no other testimony than the comparing their accounts, and the oath of the party. As to the comparison of accounts, had not the umpire, Mr. Lothrop, a right to examine them, and judge of them ? That was the very thing he was chosen by the arbitrators for; and of which, he was to judge and determine'; and not a single error has been pointed out, nor any mistake shewn in the transaction. But it was said, he admitted the oath of the party. This was, perhaps, the best evidence which could be got upon the occasion, to satisfy his judgment or conscience that he was right in his determination. And is not this admitted every day in the court of equity, and in cases in the summary jurisdiction of this court, in default of every other kind of testimony, and in small and mean causes before justices of the peace ? And shall arbitrators be circumscribed within narrower limits than any of these tribunals on this point ? The policy of arbitraments and awards is against such a rigid construction. Indeed, if such critical niceties were to be observed, it would entirely defeat the end and design of awards.
Upon the whole, to revert back to the general rule on this subject, no misbehaviour has ueen suggested, and no gross error has been pointed out in this umpirage; and these are the only legal grounds for setting it aside.
*374 It was therefore ordered, that the decision of the circuit court be set aside, and that the umpirage stand confirmed.
Present, Grimre, Waties, Bay, Johnson, Trezevant and BRevard.